[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
When a 16 year old girl leaves high school to marry her 27 year old boyfriend, what are the chances for a successful marriage? If the instant case is any measure, not good. After 25 unhappy years, two now adult children, and the accumulation of some assets, the parties are in court each seeking a divorce.
They were married on January 17, 1976 and finally separated in April 2000. By complaint dated December 27, 1999, the Wife instituted this action claiming a dissolution of marriage, a fair division of property, alimony, and other relief. The Husband appeared through counsel, filed an answer admitting the allegations in the Wife's complaint, and a cross-complaint claiming a dissolution of marriage, an equitable division of real and personal property, and other relief. The case was ably presented and heard over two days of trial.
Two children were born to the parties during the marriage, Bethany now age 23 and Jessica age 20. Bethany has two college degrees and Jessica is currently in her junior year at the University of Connecticut. Apparently, to the credit of both parties and despite the environment in which they were raised, both children are athletically and academically accomplished individuals.
The Wife is 41 years old, in good health, has obtained a GED as well as a real estate license. Recently, she was injured in an auto accident, a law suit is pending, in which she suffered a knee injury leaving her with an un-described disability. Throughout the marriage, by agreement with the Husband, she was essentially a homemaker doing many volunteer type activities, but did have a number of part time jobs. After the children were grown, she began full time employment, moving from secretarial work to real estate sales and for the past three months to an administrative assistant position with a venture capital firm in Greenwich. Her current income, as reflected on her financial affidavit, is $40,000.00 per year with a bonus of $2,500.00 per year, for a total annual income of $42,500.00. It remains to be seen if she can continue to be productive at that level in the future.
The Husband is 52 years old, suffers from severe hearing loss and depression, and has two years of college education. For a time, he had a prescription for Prozac to treat his emotional illness. Throughout the marriage he has been employed by Metro-North Railroad and is now a foreman. Internal Revenue Service tax returns introduced in evidence CT Page 2839 indicate a consistently high income — for example in the year 2000 W-2 income was $85,325.00. His current income, as shown on his financial affidavit, is a base of $53,560.00 per year with overtime pay of $32,292.00 per year, for a total of $85,852.00. It remains to be seen whether he can continue to be productive at that level in the future given his disability and age. The Wife alleged, but did not prove, that the Husband also had outside carpentry income.
Neither party had any assets of significance which they brought into the marriage. However, in 1995 the Husband did acquire by gift title to real estate at 58 Beechwood Avenue in Milford, subject to the life use of the grantor, his 86 year old father. That property does not have a mortgage, has a fair market value of $130,000.00, and serves as the residence for both the Husband and his father. The Husband also has a joint interest in $15,000.00 of savings bonds, $39,045.73 in savings accounts, and $8,072.44 certificates of deposit, all of which were put in his name by his father.
Other assets of the parties include the following:
• 55 Peak Avenue, Milford residence equity $164,390.00 • home furnishings/personal belongings 15,000.00 • Vanguard IRA's (H) 36,300.00 • TIAA Annuity (W) 6,576.46 • 96 Chevy Lumina equity (W) -0- • 87 Nissan (H) -0- • 90 Ford (H) 2,900.00 • Metro-North Pension ? • Personal injury action ?
Liabilities of the parties, excluding counsel fees for this action, include the following:
• GMAC $5,400.00 • Milford Tax Collector 10,742.07 • Sallie Mae (student loan) 27,010.00 • AFSA (Student loan) 3,593.00 • Levitz 842.00 • Lechmere 848.00 • Service Merchandise 705.00 • First USA 2,700.00 • MBNA 1,800.00
Total $53,640.07
It would serve no useful purpose to chronicle the causes for the breakdown of this dysfunctional marriage which is clearly irretrievable. CT Page 2840 There were charges and recriminations. The Wife claimed that the marriage broke down because of the Husband's frequent physical abuse, lack of a satisfactory sexual relationship, no social relationships, constant arguments especially over finances, and the Husband's withdrawal from the family. The Husband claimed that the Wife was unfaithful, had a volatile temperament, poorly managed family finances, and stopped loving him in 1985. While there are two sides to every marriage breakdown, and perceptions always vary, in this case the Wife's claims would appear to be more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
ALIMONY
The Husband, during his lifetime, shall pay to the Wife alimony of $275.00 per week pursuant to an immediate wage withholding order. Said payment shall be paid until the Wife's death, remarriage, or co-habitation. It shall be subject to review upon the Husband's retirement from Metro-North Railroad.
LIFE INSURANCE
The Husband shall name the Wife beneficiary on his $28,000.00 group life insurance policy at Metro-North Railroad until he no longer has any financial obligation to her. This paragraph shall be subject to modification.
REAL ESTATE
The Husband shall quit claim to the Wife all of his right, title, and interest in the former marital residence located at 55 Peak Avenue, Milford, Connecticut subject to the first mortgage and real estate taxes regarding same. She will be solely responsible for said mortgage and real estate taxes, and shall save the Husband harmless from any and all claims regarding same. Failure to make the mortgage or tax payments in a timely manner so that the Husband's credit is adversely affected shall be considered a violation of this order. CT Page 2841
The Husband shall retain his interest in the property located at 58 Beechwood Avenue, Milford, Connecticut, without any claim from the Wife.
PERSONAL PROPERTY
The parties shall divide their personal property located at the marital residence to their mutual satisfaction within 60 days from date. In the event they are unsuccessful, the issue shall be referred to the Family Services Unit of the Superior Court for mediation. If mediation is unsuccessful, the parties shall return to court for determination of the issue within the allotted time.
The Husband shall transfer to the Wife any interest he might have in the 1996 Chevrolet Lumina subject to the outstanding loan for which she shall be solely responsible. She shall also be responsible for any costs concerning said transfer including taxes, insurance, and registration.
The Wife shall transfer to the Husband any interest she might have in the 1987 Nissan Truck and the 1990 Ford Taurus subject to any outstanding loans regarding same for which he shall be solely responsible. He shall also be responsible for any costs concerning said transfers including taxes, insurance, and registration.
Each party shall retain their respective checking accounts.
The Wife shall retain her personal injury claim without claim from the Husband.
The Husband shall retain his bonds, certificates of deposit, and savings accounts received from his father without claim from the Wife.
RETIREMENT ASSETS
The Vanguard IRA and TIAA accounts shall be lumped together and divided equally. The Husband shall cause a rollover to the Wife's account to accomplish the division or prepare, if necessary, a Qualified Domestic Relations Order (QDRO) to accomplish same.
The Husband shall retain his Tier I retirement benefits at the Metro-North Railroad. The spouse's benefit under the Railroad Retirement Act is not affected by these orders.
The Husband shall transfer to the Wife by QDRO an interest in his Tier II retirement benefits as follows: the Wife's share shall be computed by multiplying the divisible portion of the Husband's monthly benefit by a CT Page 2842 fraction the numerator of which is the number of years the Husband worked for the railroad during the period of the marriage and the denominator of which shall be the total number of years employed by the railroad at retirement, and then dividing by two. The Husband shall have responsibility for the preparation and processing of the QDRO. Until approved by the plan administrator, the court shall retain jurisdiction to effectuate the intent of this order.
LIABILITIES
The Husband shall pay the following liabilities within 60 days from date: GMAC, Lechmere, Levitz, and Service Merchandise.
The Wife shall be solely responsible for the following liabilities: Milford Tax Collector, First USA, and MBNA.
The parties shall be equally responsible for the payment of the AFSA and Sallie Mae student loans according to their tenor. In that regard, the Husband shall monthly send his share of the payment to the Wife who shall add her share and forward both shares to the creditor. Both parties shall have the option of prepaying their entire share of the obligations.
Each party shall save the other harmless from any and all claims regarding the liabilities for which they are responsible.
COUNSEL FEES
No counsel fees are awarded.
TAXES
By April 15 of each year, until there is no longer any obligation for alimony, the parties shall exchange their complete IRS returns in order to determine that the alimony payment is appropriate under the circumstances then existing.
PENDENTE LITE ORDERS
All pendente lite orders are to be current to the date of this memorandum.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein. CT Page 2843
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.